BENJAMIN W. FOLGER, and M. N. FOLGER, Respondents, v. JOHN B. WEBER, Appellant.

*Chattel mortgage on vessel—sufficient, if recorded as required by the act of Congress.*

A chattel mortgage on a vessel, which is duly recorded in the office of the collector of customs of the port where the vessel is registered, as required by the act of Congress, is valid, although the formalities required by the State laws, as to the execution and recording of such instruments, have not been complied with.

Nor is the validity of such a mortgage so recorded affected by the fact, that by the laws of the State where the parties reside or the vessel is registered, a failure of the mortgagee to take possession, within a specified period after default has been made, renders the mortgage fraudulent *per se.*

Appeal from a judgment in favor of the plaintiffs, entered upon the report of a referee.

*Delavan F. Clark*, for the appellant. At the time of the execution of such mortgage, this schooner being within the State of Illinois (and at her home port), formed a part of the property and wealth of the State of Illinois, and was therefore subject to the law of that State. (Wharton on Conflict of Laws, § 357; *Kelly* v. *Crapo*, 41 Barb., 603; *Kelly* v. *Crapo*, 16 Wallace, 610; 35 Barb., 663; *Thomas* v. *The Kosciusko*, 11 N. Y. Leg. Ob., 38.) The statute of the United States requiring the recording of mortgages did not operate to nullify the common law then existing relating to fraudulent sales of chattels. Its only effect was to add another to the grounds which previous to that statute might avoid the mortgage. (*Wood* v. *Levy*, 17 Wend., 492; *Smith* v. *Acker*, 23 id., 671, opinion of Verplank Senator.)

*George Clinton*, for the respondent. The plaintiff's mortgage having been recorded under the act of Congress, the fact that they did not take possession of the vessel, even after default, could not invalidate their ownership. (*Scott's Case*, 1 Abb. [U. S.] R., 336, 342; *The Skylark*, 2 Bissell, 251; *The Grace Greenwood*, 2 id., 131; *The Barque Great West*, 57 Ill., 168; *The Prop. Hilton*, 62 id., 231; *Wood* v. *Stockwell*, 55 Maine, 76; *White's Bank* v. *Smith*, 7 Wall., 646; *Aldrich* v. *Ætna Ins. Co.*, 8 id., 491; 2 Pars. on Shipping, 60, 61, note 1 to p. 61.)

TALCOTT, J. :

This is an appeal from a judgment entered for the plaintiff on the report of a referee.

The action was to recover the possession of a schooner which the defendant, as sheriff of Erie county, seized under an attachment issued to him against the property of Thomas O'Conner, in an action brought against him by James Bowen. The case shows that O'Conner was indebted to Bowen in a large sum upon a judgment recovered in the State of Illinois.

On the 13th of December, 1875, Bowen commenced his action in the Supreme Court of New York upon the said judgment, in which action he procured an attachment, under which the sheriff of Erie county seized the vessel in question, then lying in the harbor of Buffalo. The plaintiffs claimed the title and right to the possession of the vessel under a mortgage of the vessel executed by O'Conner, the owner, to secure an indebtedness to the plaintiff. The mortgage was duly filed in the office of the collector of the port of Chicago, October 26, 1874, and was given to secure two notes made by O'Conner, both of which matured prior to the 15th day of October, 1875. The notes were made and payable in the State of Illinois, of which State both O'Conner and Bowen are residents.

The mortgage contains a provision to the effect that the mortgagor is to remain in possession and use of the vessel until the maturity of the notes, unless the mortgagee shall, at any earlier date, declare the mortgage forfeited for non-performance of any of the covenants contained in the mortgage ; or, if the mortgagee shall deem himself in danger of losing the debt, or any part thereof,

by delaying the collection thereof until the expiration of the time above limited for the payment thereof.

The mortgage was dated the 24th day of October, 1874, and duly acknowledged before a notary public in Chicago on that day. Chicago was the home port of the vessel, and she was lying there some five or six days after the maturity of the last due of the notes which the mortgage was given to secure, during which time the mortgagees had reasonable time and opportunity to have taken possession of the vessel, had they been so disposed. Both of the notes secured by the mortgage were given at Chicago for an indebtedness originating there, and the mortgage was given in good faith for a valuable consideration, and without any intent to hinder, delay or defraud any creditor. The mortgage was duly recorded in the office of the collector of the port of Chicago, on the day of its date, pursuant to the act of Congress of July 29, 1850, and the vessel remained enrolled at the port of Chicago, and was regularly licensed and engaged in the commerce of the lakes until she was seized by the defendants under the attachment in the suit of *Bowen* v. *O'Conner*, which was on the 13th day of December, 1875.

The mortgage had never been filed or recorded in the office of the recorder of Cook county, Illinois, as required by the provisions of the statute of Illinois.

It was proved that, by the common law, as established and adjudicated by the court of Illinois, every mortgage of chattels, not accompanied by the possession of the chattels, is void as to the creditors of the mortgagor, who, in due time, acquire a lien on the chattels; but that, when a mortgage has been regularly executed and recorded, which gives the mortgagor a right to the possession for a specified time, as required by the statute of that State, the protection of the statute does not extend beyond the specified time; and if the mortgagee suffers and permits the mortgagor to retain the possession after the expiration of that time, the mortgage becomes void as to the creditors of the mortgagor.

By an act of Congress, passed July 29, 1850 (R. S. of the U. S., § 4192), it is enacted as follows: "No bill of sale, mortgage, hypothecation or conveyance of any vessel or part of any vessel of the United States, shall be valid against any person other

than the grantor or mortgagor, his heirs, and devisees, and persons having actual notice thereof, unless such bill of sale, mortgage, hypothecation or conveyance is recorded in the office of the collector of the customs where such vessel is registered or enrolled," etc. The courts of the United States have held that this statute gives validity to a mortgage, otherwise free from objection, whatever may be the laws of the State where it is executed or where the mortgagee or mortgagor reside. In the case of *White's Bank* v. *Smith* (7 Wallace, U. S., 646), it was held that the act of Congress " has the effect *by its own force* and irrespective of any formalities required by the State statute, to give effect to chattel mortgages, and to give the mortgagee a preference over a subsequent purchaser or mortgagee." A *fortiori* then, it must be a lien superior to that of a subsequent attaching creditor. It is also held that the law provides a registration which excludes all State legislation in respect to the same subject.

The counsel for the appellant insists that by the laws of Illinois, the domicile of the owner and the situs of the property, the mortgage, after default in payment, is deemed fraudulent *per se* as to creditors, by reason that it was not accompanied by possession of the property mortgaged. But, as we understand it, the Supreme Court of the United States, in the construction of the act of July 29, 1850, has decided otherwise. In the case of *Aldrich* v. *The Ætna Company* (8 Wallace, U. S., 491), the Supreme Court holds the following language : " As a registry act, there can be no doubt, upon the recording of the mortgage, the fact that it is not accompanied by possession of the vessel affords no ground of impeachment of the transaction, as the record is regarded as satisfactorily accounting for the non-delivery of the possession." This, as we understand, goes the length of saying that whatever may be the law of the State, a vessel subject to the act of Congress may be mortgaged and the mortgage, when duly recorded in accordance with the act, cannot be impeached for want of possession in the mortgagee. The act of Congress contains no limitation of time during which the possession may lawfully remain in the mortgagor, and to import into it the limitation of time prescribed by the statute of Illinois would be to hold that the Legislature of Illinois could alter or set bounds

to the effect of an act of Congress, passed on a subject over which Congress has, when it may see fit to exercise it, exclusive jurisdiction.

The judgment should be affirmed.

MULLIN, P. J., and SMITH, J. concurred.

Judgment affirmed.